J-S91026-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| PHILIP A. MAIER | |
| Appellant | No. 755 MDA 2016 |

Appeal from the PCRA Order April 28, 2016
in the Court of Common Pleas of Schuylkill County
Criminal Division at No(s): CP-54-CR-0000568-1989

BEFORE:  FORD ELLIOTT, P.J.E., RANSOM, J., and STEVENS, P.J.E.*

MEMORANDUM BY RANSOM, J.:                **FILED FEBRUARY 21, 2017**

Appellant, Philip A. Maier, *pro se* appeals from the April 28, 2016 order dismissing, as untimely, his petition filed under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  We affirm.

In December 1989, Appellant entered a negotiated guilty plea to ungraded homicide.  Thereafter, the trial court conducted a degree of guilt hearing and found Appellant guilty of first degree murder.[1]  On March 23, 1990, Appellant was sentenced to life imprisonment without the possibility of parole.  **See** Notes of Testimony (N.T.), 3/23/09, at 157.  Appellant timely filed a direct appeal.

---

[1] 18 Pa.C.S. § 2502(a).

* Former Justice specially assigned to the Superior Court.

In March 1991, this Court affirmed his judgment of sentence, and Appellant did not file a petition for allowance of appeal with the Pennsylvania Supreme Court. *Commonwealth v. Maier*, 593 A.2d 913 (Pa. Super. 1991) (unpublished memorandum). Appellant filed six PCRA petitions from 1990 to 2008. All of Appellant's petitions and subsequent appeals were denied.

In March 2016, Appellant *pro se* filed the instant PCRA petition, his seventh. The court issued a notice of intent to dismiss pursuant to Pa.R.Crim.P. 907, and in April 2016, dismissed Appellant's petition as untimely.

Appellant timely appealed and simultaneously filed a statement of matters complained of on appeal pursuant to Pa.R.A.P. 1925(b). In August 2016, the lower court issued a responsive opinion.

Appellant raises the following issue for our review:

> 1. Did the lower court abuse its discretion in entering an order that *Montgomery v. Louisiana*, 136 S.Ct. 718 (2016) is not retroactive to Appellant's claim thereby meeting 42 Pa.C.S. § 9545(b)(1)(iii) as an exception of 42 Pa.C.S. § 9545(b) where this claim was presented within 60[ ]days per 42 Pa.C.S. § 9545(b)(1) on Appellant's unlawful sentence (i.e., a [sentence] [the court never had statutory] [sic] authorization/jurisdiction to impose?

Appellant's Brief at 4.

This Court's standard of review regarding an order denying a petition under the PCRA is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. *See Commonwealth v.*

- 2 -

*Ragan*, 923 A.2d 1169, 1170 (Pa. 2007). We afford the court's factual findings deference unless there is no support for them in the certified record. *Commonwealth v. Brown*, 48 A.3d 1275, 1277 (Pa. Super. 2012) (citing *Commonwealth v. Anderson*, 995 A.2d 1184, 1189 (Pa. Super. 2010)).

Initially, we address the timeliness of Appellant's petition, as it implicates our jurisdiction and may not be altered or disregarded in order to address the merits of his claim. *See Commonwealth v. Bennett*, 930 A.2d 1264, 1267 (Pa. 2007). Under the PCRA, any petition for relief, including second and subsequent petitions, must be filed within one year of the date on which the judgment of sentence becomes final. *Id*. There are three statutory exceptions:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii). Any petition attempting to invoke these exceptions "shall be filed within 60 days of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2); *see Commonwealth v. Gamboa-Taylor*, 753 A.2d 780, 783 (Pa. 2000).

- 3 -

Appellant's petition is untimely.[2] Nevertheless, Appellant asserts that in 1990, he was sentenced pursuant to a statute deemed unconstitutional in 1977. Appellant's Brief at 18-20. Specifically, Appellant claims that in 1990, the prior version of 18 Pa.C.S. § 1102 referenced Section 1311(c) of the Sentencing Code, which pertained to the imposition of the death penalty. Section 1311(c) was deemed unconstitutional in 1977.[3] *Id*. at 19. However, Appellant (1) was not subject to the death penalty, and (2) he was sentenced pursuant to 42 Pa.C.S. § 9711, which, as Appellant observes in his Brief, was also in effect at the time of his sentencing. *Id*. at 18-20; *see* PCRA Court Order and Opinion, 4/13/16, at 2. Accordingly, the premise of Appellant's claim is erroneous, and he cannot establish an exception to the timeliness requirements of the PCRA.

---

[2] Appellant's petition is patently untimely. Appellant's judgment of sentence became final on April 13, 1991, at the expiration of his thirty days to petition for allowance of appeal to the Pennsylvania Supreme Court. *See* 42 Pa.C.S. § 9545(b)(3) (a judgment of sentence becomes final at the conclusion of direct review or the expiration of the time for seeking the review). Appellant's current petition, filed March 9, 2016, was filed almost twenty-five years late. *See Bennett*, 930 A.2d at 1267.

[3] Section 1311(c) was declared unconstitutional in 1977 by the Supreme Court of Pennsylvania in *Commonwealth v. Moody*, 382 A.2d 442 (Pa. 1977). The *Moody* Court found that Section 1311(c) did not allow a jury to consider sufficiently the particular circumstances of the crime or the character and record of the individual offender. Section 1311(c) was renumbered as 42 Pa.C.S. § 9711 (Sentencing procedure for murder of the first degree). *See* October 5, 1980, P.L. 693, No. 142, § 401(a). Thereafter, 18 Pa.C.S. §1102(a) was amended to cite to 42 Pa.C.S. § 9711 instead of 18 Pa.C.S. § 1311(c). *See Commonwealth v. Story*, 440 A.2d 488, 499 (Pa. 1981).

Despite this fundamental error, Appellant further claims the Supreme Court of the United States newly recognized a constitutional right and that such right was held to apply retroactively, citing in support ***Montgomery v. Louisiana***, 136 S. Ct. 718 (2016). Appellant is again incorrect.

***Montgomery*** provided analysis concluding that the constitutional right *recognized in* ***Miller v. Alabama***, 132 S. Ct. 2455 (2012) (finding mandatory life sentences for juvenile offenders to violate the Eighth Amendment) was a new, substantive rule of constitutional law and, therefore, shall apply retroactively. The retroactivity analysis in ***Montgomery*** is not, itself, a new right. Clearly, the right recognized in ***Miller*** is inapposite to Appellant's case, as he was not a juvenile at the time he committed the crime.

To the extent Appellant claims that the right recognized in ***Miller*** should be expanded to include all adult offenders, this Court has previously rejected such efforts. ***See Commonwealth v. Furgess***, 149 A.3d 90, 94 (Pa. Super. 2016) ("[a] contention that a newly-recognized constitutional right ***should*** be extended to others does not render [a] petition [seeking such an expansion of the right] timely pursuant to section 9545(b)(1)(iii).") (emphasis in original).

Appellant's petition is untimely, and he has failed to establish an exception to the timeliness requirements of the PCRA. Consequently, the

PCRA court was without jurisdiction to review the merits of Appellant's claims and properly dismissed his petition. ***See Ragan***, 932 A.2d at 1170.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/21/2017